SUPREME COURT    STATE OF NEW YORK
COUNTY OF ONONDAGA
-------------------------------------------------------------------X

EMILY STONE,

                                              *Plaintiff,*

            vs.

THE TOWN OF CICERO,
 CICERO POLICE DEPARTMENT, and
 KYLE HARRINGTON, individually,

                                            *Defendants.*
-------------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiff designates
Onondaga County as the
place of trial.

The basis of venue is:
situs of injury and
Plaintiff's Residence.

**To the above named Defendants:**

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or if the Complaint is not served with this Summons, to serve a notice of appearance on Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Syracuse, New York
       November 17, 2021

                                                        */s/ David Zukher*
                                                    David E. Zukher, Esq.
                                                    **Weisberg & Zukher, PLLC.**
                                                    *Attorney for Plaintiff*
                                                    109 South Warren Street, Suite 711
                                                    Syracuse, New York 13202
                                                    Tel: (315) 701-2939

TO:
The Town of Cicero
8236 Brewerton Road, Cicero NY 13039

The Cicero Police Department
6200 NY-31, Cicero, NY 13039

Officer Kyle Harrington
6200 NY-31, Cicero, NY 13039

SUPREME COURT
STATE OF NEW YORK     COUNTY OF ONONDAGA

EMILY STONE,

                 *Plaintiff,*          **VERIFIED COMPLAINT**

      -vs-                          Index No.:

THE TOWN OF CICERO,                 RJI No.:
CICERO POLICE DEPARTMENT, and
KYLE HARRINGTON, individually,      Hon.:

               *Defendants.*

Plaintiff, Emily Stone (hereinafter "Ms. Stone" or "Plaintiff"), by her attorneys, Weisberg & Zukher, PLLC., David E. Zukher, Esq., complaining of the above-named Defendants, alleges and states as follows:

### THE PARTIES

1.    Ms. Stone is an individual and is now and at all times mentioned in this Verified Complaint, a resident of the County of Onondaga, State of New York, residing at: 8511 Tuttle Road, Bridgeport, NY 13020.

2.    Upon information and belief, Defendant, The Town of Cicero, is now and at all times mentioned in this Verified Complaint, a municipal corporation organized and existing under the laws of the State of New York and situated in Onondaga County, State of New York, with a principal place of business located at: 8236 Brewerton Road, Cicero NY 13039.

3.    Upon information and belief, Defendant, The Cicero Police Department, is now and at all times mentioned in this Verified Complaint a municipal agency that is wholly owned, operated, and run by Defendant, The Town of Cicero, with a principal place of business located at: 6200 NY-31, Cicero, NY 13039.

4. Upon information and belief, Defendant, Kyle Harrington (hereinafter "Officer Harrington"), is an individual and is now and at all times mentioned in this complaint a resident of Onondaga County, State of New York. At all times mentioned in this Verified Complaint, Officer Harrington, was employed as a police officer by Defendants, The Town of Cicero and/or the Cicero Police Department and, in doing the acts alleged in this Verified Complaint, was acting within the course and scope of his employment as a police officer for the said Defendant(s).

5. The basis for venue is Plaintiff's residence and the place where the injury to Plaintiff occurred, to wit: 8511 Tuttle Road, Bridgeport, NY 13020, County of Onondaga.

6. Pursuant to CPLR §509, Plaintiff designates the County of Onondaga as the place for trial.

7. Pursuant to General Municipal Law Section 50-e, on or about July 29, 2021, Plaintiff timely presented to Defendants, The Town of Cicero and the Cicero Police Department, a Verified Notice of Claim for the injuries and damages sustained by Plaintiff as a result of the incident described in this Verified Complaint. A copy of the Verified Notice of Claim, together with the Affidavits of Personal Service on The Town of Cicero and the Cicero Police Department is attached as *Exhibit A*.

## THE FACTS

8. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 7 above of the Verified Complaint as if stated with particularity herein.

9. Upon information and belief, on June 6, 2021, Plaintiff's former boyfriend, Mr. Michael Douglass, called the Cicero Police Department for a police escort to accompany him to

2

the home of Ms. Stone, so that police would be present for the exchange of the parties' child for parenting time.

10. The responding police officer was Officer Harrington. Upon information and belief, Officer Harrington is employed as a police officer by Defendants, The Town of Cicero and/or The Cicero Police Department, and was, at all times relative to this claim, engaged and working in his regular and ordinary course of duty as a police officer on behalf of the said Defendants.

11. While at Ms. Stone's residence, Officer Harrington, *while personally present*, negligently failed to control the actions of Mr. Douglass by repeatedly permitting Mr. Douglass to unlawfully enter the garage and home of Ms. Stone against her wishes, thereby, aiding Mr. Douglass to unlawfully harass and annoy Ms. Stone in direct violation of a valid and active Order of Protection issued for the benefit of Ms. Stone against Mr. Douglass. A true and correct copy of the Order of Protection issued by the Onondaga County Family Court dated May 24, 2021; File No.: 57925; Docket No.: O-02592-21; Hon. Anthony C. LaValle (hereinafter "Order of Protection") is attached hereto as *Exhibit B*.

12. During one of the repeated unlawful and unpermitted entries into Ms. Stone's home, Mr. Douglass seized Ms. Stone's dog, Rex, and placed Rex into his vehicle also containing the parties' child.

13. The unlawful taking of Rex by Mr. Douglass caused Ms. Stone to suffer severe threats, intimidation, and harassment and was, moreover, intentionally injurious to Rex by causing Rex to become alarmed; all in direct violation of the Order of Protection.

3

14. The actions of Mr. Douglass all occurred in the presence of Officer Harrington, who negligently failed to enforce the Order of Protection, under which Ms. Stone and Rex were *both* protected parties. *See* Exhibit B.

15. When Ms. Stone attempted to retrieve Rex from Mr. Douglass' car, Officer Harrington, negligently and without justifiable or lawful reason to do so, violently tackled Ms. Stone to the ground.

16. As a result of the same unwarranted and completely unnecessary, assault, battery, and excessive use of force, Ms. Stone was caused to suffer a shattered clavicle of the left shoulder, requiring surgical intervention and placement of hardware to repair.

17. Upon information and belief, Ms. Stone was not arrested or charged with any crime or violation of the law in connection with the same incident.

18. As a result of the grievous injury inflicted upon Ms. Stone by Officer Harrington, Ms. Stone was transported from her home to the hospital by ambulance on June 6, 2021; and underwent extensive surgery and medical treatment to repair and reconstruct her shattered clavicle on July 1, 2021.

19. As a result of the careless, negligent, and reckless conduct of the Defendants, as aforesaid described, the injuries suffered by Ms. Stone include, but are not limited to, severe and permanent personal injury; great pain and suffering; permanent scarring of her body; the installation of foreign hardware into her body; the loss of ability to perform daily tasks of living; loss of range of motion of the left arm and shoulder; permanent nerve damage; as well as hospital and other medical bills.

20. Ms. Stone's medical treatment is ongoing, as such, the exact amounts of the aforesaid items of damage are not known at this time.

4

## FIRST CAUSE OF ACTION: ASSAULT

21. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 20 above of the Verified Complaint as if stated with particularity herein.

22. Defendant Officer Harrington engaged in physical conduct by using unreasonable and excessive force against Plaintiff, which placed the Plaintiff in imminent apprehension of harmful contact.

23. Plaintiff pleads the doctrine of *res ipsa loquitur*.

24. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, Defendant, Officer Harrington, was the agent and employee of the co-defendants, The Town of Cicero and The Cicero Police Department, and in doing the things alleged in this complaint Officer Harrington was acting within the course and scope of that agency and employment. As such, Defendants, The Town of Cicero and The Cicero Police Department are vicariously liable for the acts of Defendant, Officer Harrington.

25. As a result of the actions of Defendants, as herein alleged, Plaintiff suffered pain, suffering, degradation and humiliation, permanent physical injuries, including, permanent scarring to her body and an injury to her left shoulder, including, upon information and belief, a permanent loss of range of motion of her left shoulder.

26. In perpetrating the assault, as set forth herein, Officer Harrington acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages as against the Defendants.

5

## SECOND CAUSE OF ACTION: BATTERY

27. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 26 above of the Verified Complaint as if stated with particularity herein.

28. Officer Harrington, engaged in bodily contact with Plaintiff by brutally and violently tackling Plaintiff to the ground, thereby, using unreasonable and excessive force against Plaintiff, with the intent to cause Ms. Stone serious and grievous bodily injury. The bodily contact was without permission of the Plaintiff and was offensive in nature to Ms. Stone.

29. Plaintiff hereby pleads the doctrine of *res ipsa loquitur*.

30. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, Defendant, Officer Harrington, was the agent and employee of the co-defendants, The Town of Cicero and The Cicero Police Department, and in doing the things alleged in this complaint Officer Harrington was acting within the course and scope of that agency and employment. As such, Defendants, The Town of Cicero and The Cicero Police Department are vicariously liable for the acts of Defendant, Officer Harrington.

31. As a result of the actions of Defendants, as herein alleged, Plaintiff suffered pain, suffering, degradation and humiliation, permanent physical injuries, including, permanent scarring to her body and an injury to her left shoulder, including, upon information and belief, a permanent loss of range of motion of her left shoulder.

32. In perpetrating the battery, as set forth herein, Officer Harrington acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages as against the Defendants.

6

### THIRD CAUSE OF ACTION: IIED AS AGAINST DEFENDANT OFFICER HARRINGTON INDIVIDUALLY

33. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 32 above of the Verified Complaint as if stated with particularity herein.

34. The actions of Officer Harrington in brutally assaulting the Plaintiff; causing her grievous bodily injury without the permission or consent of Plaintiff; while, in fact, acting in the capacity of a police officer who is charged with serving, protecting, and ensuring the well-being and welfare of the public and the community at large, of which Plaintiff is a member, constitutes extreme and outrageous conduct.

35. The actions of Officer Harrington, as set forth above, intended to cause and disregarded the substantial probability of causing severe emotional distress in Plaintiff.

36. The actions of Officer Harrington, as set forth above, were the sole competent and producing actual and proximate cause of Plaintiff's damages.

37. As a result of the actions of Officer Harrington, as herein alleged, Plaintiff suffered pain, suffering, degradation and humiliation, permanent physical injuries, including, permanent scarring to her body and an injury to her left shoulder, including, upon information and belief, a permanent loss of range of motion of her left shoulder.

38. By intentionally inflicting emotional distress upon the Plaintiff, as set forth herein, Defendant, Officer Harrington, acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against the said Defendant.

### FOURTH CAUSE OF ACTION: NIED AS AGAINST DEFENDANT OFFICER HARRINGTON INDIVIDUALLY

39. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 38 above of the Verified Complaint as if stated with particularity herein.

7

40. Officer Harrington, as a police officer in the community where Plaintiff resides, owed Plaintiff a duty to safeguard and ensure her safety and well-being.

41. Officer Harrington breached said duty to Plaintiff by brutally assaulting her, all without the permission or consent of Plaintiff.

42. The actions of Officer Harrington exposed Plaintiff to an unreasonable risk of bodily injury and unreasonably endangered Plaintiff's physical safety and caused Plaintiff to fear for her safety and were the sole competent and producing actual and proximate cause of Plaintiff's damages.

43. As a result of the actions of Officer Harrington, as herein alleged, Plaintiff suffered pain, suffering, degradation and humiliation, permanent physical injuries, including, permanent scarring to her body and an injury to her left shoulder, including, upon information and belief, a permanent loss of range of motion of her left shoulder.

44. By intentionally inflicting emotional distress upon the Plaintiff, as set forth herein, Defendant, Officer Harrington, acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against the said Defendant.

**FIFTH CAUSE OF ACTION: NEGLIGENT HIRING/RETENTION/TRAINING**

45. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 44 above of the Verified Complaint as if stated with particularity herein.

46. Defendants, The Town of Cicero and The Cicero Police Department had a duty to the public at large, including Plaintiff, to properly hire/retain/and train its police officers.

47. At all material times herein, Defendants, The Town of Cicero and The Cicero Police Department beached their aforesaid duty of care by carelessly and negligently hiring/retaining and/or training police officers, including Officer Harrington, who did not have

8

the experience, training, and/or qualifications necessary to provide adequate assistance for Plaintiff.

48. The fact that Officer Harrington repeatedly negligently failed to enforce the Order of Protection under which both Ms. Stone and Rex were protected parties, and repeatedly ignored conduct by Mr. Douglass that was in direct breach and violation of the Order of Protection *occurring in his presence*, directly evidences that Officer Harrington, did not have the experience, training and/or qualifications necessary to provide adequate assistance for Plaintiff.

49. Defendants, The Town of Cicero and The Cicero Police Department knew or should have known that Officer Harrington, a police officer charged with the care of Plaintiff, was not properly trained or qualified to make the required determinations necessary to enforce the Order of Protection and, thereby, ensure Plaintiff's well-being and safety.

50. As a direct and proximate result of the negligence of The Town of Cicero and The Cicero Police Department, Plaintiff suffered permanent injuries, including pain, suffering, degradation and humiliation, permanent physical injuries, including, permanent scarring to her body and an injury to her left shoulder, including, upon information and belief, a permanent loss of range of motion of her left shoulder.

51. As a further direct and proximate result of the negligent, acts, omissions and conduct of The Town of Cicero and The Cicero Police Department, its agents, and the injuries caused to Plaintiff, Plaintiff was damaged, as she was required to and did incur expenses for services of hospitals, doctors, and other medical care and treatment in an amount not now known to her.

## SIXTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE 42 U.S.C. § 1983

52. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 51 above of the Verified Complaint as if stated with particularity herein.

53. As set forth herein, Plaintiff suffered severe and permanent personal injury when she was brutally battered and assaulted by Officer Harrington.

54. Officer Harrington was acting in the course and scope of his employment as police officers for Defendants, The Town of Cicero and The Cicero Police Department. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, Defendant, Officer Harrington was the agent and employee of the co-defendants, The Town of Cicero and The Cicero Police Department, and in doing the things alleged in this Verified Complaint was acting within the course and scope of that agency and employment. As such, Defendants, The Town of Cicero and The Cicero Police Department are vicariously liable for the acts of Defendant, Officer Harrington.

55. Officer Harington used unreasonable, unnecessary, and excessive force in dealing with Plaintiff. Specifically, Officer Harrington, without cause, justification, or reason brutally beat and assaulted Plaintiff causing her to suffer permanent scarring and other injury as set forth herein.

56. At the time Officer Harrington encountered Plaintiff she had committed no crime or offense whatsoever. In fact, Plaintiff and her dog, Rex, were protected parties pursuant to the Order of Protection. Upon information and belief, Plaintiff was not charged with any crime or violation of the law as the result of this incident.

57. Despite the same, during his interaction with Plaintiff, Officer Harrington brutally assaulted and battered the Plaintiff about her body, without cause or justification, in a specific effort to humiliate, degrade, and wrongfully impose his own rule of justice to punish Ms. Stone.

58. The unreasonable, unnecessary, and excessive force used by Officer Harrington caused permanent substantial and material physical injury to Plaintiff, as set forth herein.

59. At the time of Plaintiff's injury by Officer Harrington, as herein alleged, the said police officer was acting under color of the laws and regulations of the United States, the State of New York, The Town of Cicero, and The Cicero Police Department.

60. Upon information and belief, Defendants, The Town of Cicero and The Cicero Police Department had in place policies and/or customs that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals, including, Plaintiff, in direct violation of the Fourth Amendment (to wit: the right guaranteed under the Fourth Amendment to be free from unreasonable search and seizure) and other amendments to the U.S. Constitution.

61. Upon information and belief, The Town of Cicero and The Cicero Police Department had a policy and/or custom of tolerating misconduct by its police officers and encouraging misconduct by failing to adequately supervise, discipline, or train its police officers.

62. By using excessive and unnecessary force, as set forth herein, Defendant, Officer Harrington acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against the Defendants.

63. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b), and hereby makes a demand for the same.

11

## SEVENTH CAUSE OF ACTION: EXCESSIVE FORCE 42 U.S.C. § 1983 AS AGAINST OFFICER HARRINGTON INDIVIDUALLY

64. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 63 above of the Verified Complaint as if stated with particularity herein.

65. Officer Harrington's use of unreasonable, unnecessary, and excessive force violated Plaintiff's clearly established constitutional rights under the Fourth Amendment (to wit: the right guaranteed under the Fourth Amendment to be free from unreasonable search and seizure) and other amendments to the U.S. constitution and was not objectively reasonable in light of the circumstances.

66. Officer Harrington acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's established Fourth Amendment and other constitutional rights.

67. As a result of the foregoing, Plaintiff suffered severe and permanent injuries as herein alleged.

68. By using excessive and unnecessary force, as set forth herein, Defendant, Officer Harrington acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against the said Defendant.

69. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b), and hereby makes a demand for the same.

## EIGHTH CAUSE OF ACTION: 42 U.S.C. § 1983 MONELL LIABILITY AGAINST THE TOWN OF CICERO AND THE CICERO POLICE DEPARTMENT

70. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 69 above of the Verified Complaint as if stated with particularity herein.

71. As set forth above, the policy or custom of The Town of Cicero and the Cicero Police Department enabled its agents and employees to act with deliberate indifference to Plaintiff's constitutional Fourth Amendment and other constitutional rights.

72. As a direct and proximate result of Defendants' actions, Plaintiff suffered permanent bodily and other injuries as herein alleged including, but not limited to medical expenses in the past and future; mental anguish in the past and future; disfigurement in the past and future; physical impairment in the past and future; as well as excruciating physical pain and **suffering.**

73. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b), and hereby makes a demand for the same.

74. Plaintiff's damages exceed the jurisdiction of all lower courts.

75. Plaintiff hereby demands a trial by jury.

**WHEREFORE,** Plaintiff asks for judgment against the Defendants for the following:

a. All actual damages, including, but not limited to, damages for lost earnings and benefits, in an amount to be determined upon the jury trial of this action;

b. Punitive damages in an amount to be determined upon the jury trial of this action;

c. All attorney's fees and costs of this action;

d. Prejudgment and post-judgment interest; and

e. Such other and different relief that the Court deems just and appropriate.

November 4, 2021

                         */s/ David E. Zukher*

                        **Weisberg & Zukher, PLLC.**
                        David E. Zukher, Esq.
                        *Counsel for Plaintiff*
                        109 South Warren Street, Suite 711
                        Syracuse, NY 13202
                        Tel:   (315) 701-2939
                        Fax:  (315) 701-2938

14

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK     )

COUNTY OF ONONDAGA ) SS:.

I, the undersigned, Emily Stone, being duly sworn, depose and say: I am the ~~Claimant~~ Plaintiff, in this action; I have read the foregoing Verified Complaint, and know the content thereof; the same is true to knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, I believe it to be true.

_____
Emily Stone

Sworn to before me this 17ber
day of November 2021

_____
Notary Public

[Notary Stamp: Notary Public, State of New York, No. 02ZU6...201, Qualified in Onondaga County, Commission Expires Jan. 28, ...]